IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

MITCHELL SCOTT PATTERSON,

Plaintiff,

vs.

MONTANA DEPARTMENT OF CORRECTIONS, BRIAN M. GOOTKIN, JIM SALMONSEN, and CHRIS NORSTROM,

Defendants.

CV 24-02-H-DWM

ORDER

Plaintiff Mitchell Scott Patterson ("Patterson"), a pro se prisoner proceeding in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983, alleging Defendants wrongfully denied him placement in sex offender treatment which has prevented his release on parole. (Doc. 2.) The Complaint fails to state a claim and is dismissed.

## I. Statement of the Case

Patterson names as defendants the Montana Department of Corrections; Brian M. Gootkin, the Director of the Montana Department of Corrections; Jim

Salmonsen, the Warden of Montana State Prison, and Chris Norstrom, the head of the Sex Offender Program. (Doc. 2 at 4-5; Doc. 6 at 1.)

On August 3, 2021, Montana's Eighteenth Judicial Court, Gallatin County, sentenced Patterson for Sexual Intercourse without Consent to a 20-year prison term, with 10 of the years suspended. (*See* Doc. 2-2 at 51 (Judg.).) A condition of his sentence was:

> The defendant shall attend and successfully complete a sexual offender treatment program. If incarcerated at Montana State Prison the defendant shall successfully complete Phases I and II of the Sex Offender Treatment Program prior to being eligible for parole.

(*Id.* at 58.)

Due to a transition in sex offender treatment programming—from Sex Offender Treatment Program I-III to a new Sex Offender-Integrated Correctional Program Model—beginning in November 2023, inmates who had been ordered to complete sex offender programming were put on a waitlist and prioritized for placement in the new program. Patterson repeatedly contacted the Defendants, departmental authorities, and the Parole Board regarding his concerns that his treatment was being delayed and inquiring as to when he could begin the program in order to become parole eligible. *See*, Appendices A.1 & A.2 (Doc. 2-2 at 1-34.)

Patterson argues that the new Integrated Correctional Program Model is not equivalent to the Sex Offender Treatment Program I & II he was ordered to complete. He believes the Defendants are responsible for this change in

programming. Patterson asserts it is impossible to fulfill the requirement necessary to be considered for release by the Parole Board. (*Id.* at 36-37.) He asks that the Department of Corrections be ordered to provide him with the Sex Offender Treatment Program I & II, as originally ordered by the state district court, and that he be allowed to take the classes outside of the prison. (*Id.* at 49.) He seeks $1,000/day in compensatory damages, and $1,000/day in punitive damages, beginning on November 8, 2022, the date on which he contends he should have been seen and released by the Parole Board. (*Id.*)

## II. Screening Pursuant to 28 U.S.C. §§ 1915, 1915A

Patterson is a prisoner proceeding in forma pauperis so his Complaint must be screened under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F. 3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Crop. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Id.* at 680.

There is a two-step procedure to determine whether a complaint's allegations meet that threshold. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]', 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). A liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982).

**III. Analysis**

Patterson fails to state a cognizable claim. The Ninth Circuit has held that an inmate serving a criminal sentence does not possess a constitutionally protected liberty interest in sex offender treatment. *Balla v. Idaho State Bd. of Corrections*, 869 F. 2d 461 (9th Cir. 1989); *Maimon v. Rea*, 127 F. App'x 295 (9th Cir. 2005). To the extent that Patterson's complaint can be read to assert a due process violation for denial of parole based upon his inability to complete sex offender

treatment, a protected interest is not implicated. Prisoners have "no constitutional or inherent right" to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 79 (1979). Within the statutory scheme of Montana state law under which Patterson was sentenced, no liberty interest exists under the due process clause. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998). Accordingly, Patterson's claims must be dismissed.

Patterson also relies upon a decision handed down by the Montana Sentence Review Division in *State v. Purcell*, Cause No. DC-32-2019-0000147-IN, Ord. (filed Aug. 17, 2023),[1] in support of his Complaint. Patterson argues that he is similarly situated to Purcell and that the Sentence Review Division amended Purcell's sentence and allowed him to complete sex offender programming in the community due to the unavailability of the program within the Department of Corrections.

Patterson presented this same argument to the Montana Supreme Court in his state habeas petition. There, the Court found Patterson's argument unavailing. The Court noted that the new Sex Offender-Integrated Correctional Program Model had been implemented within the Department of Corrections and Patterson

---

[1] A copy of this decision may be found at the Montana Sentence Review Division's website: https://courts.mt.gov/Courts/boards/SentenceReviewDivision (accessed June 4, 2024). *See* Fed. R. Evid. 201(b).

was on the waitlist for entry into the program. *See Patterson v. Salmonsen*, OP 24-0045, Or. at *2-3 (Mont. April 9, 2024).[2] Accordingly, Patterson's contention that sexual offender programming no longer existed was meritless. Because Patterson failed to demonstrate his incarceration was illegal, his petition was denied. (*Id.* at 3.) Patterson is advised that federal courts have limited jurisdiction. His argument regarding the state courts' failure to comply with a decision issued by the Montana Sentence Review Division remains squarely within the domain of the state courts. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Wardius v. Oregon*, 412 U.S. 470, 477 (1973) ("[The State's] courts are the final arbiters of the State's own law.").

While dismissal of Complaint is appropriate, this Court has the discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Amendment in the present case would be futile.

Based upon the foregoing, IT IS ORDERED:

1. Patterson's complaint (Doc. 2) is DISMISSED.

---

[2] A copy of this order may be found at the Montana Supreme Court's website: https://supremecourtdocket.mt.gov/ (accessed June 4, 2024). *See* Fed. R. Evid. 201(b).

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is additionally directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4. The Clerk is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Patterson's allegations fail to state a claim.

DATED this 10th day of June, 2024.

Donald W. Molloy, District Judge
United States District Court